IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



FILED
AUG X 4 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

WAYNE H. NORMAN,

Plaintiff,

v.

ALLIANCE ONE

RECEIVABLES MANAGEMENT, INC.,

Defendant.

14CV5930
JUDGE CHANG
MAG. JUDGE MASON

**JURY DEMAND**

## COMPLAINT

NOW COMES the Plaintiff, WAYNE H. NORMAN, by and through himself and for his Complaint against the Defendant, ALLIANCE ONE RECEIVABLES MANAGEMENT, INC., and Plaintiff states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*,

### JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, and TCPA, pursuant to 28 U.S.C. sections 1331 and 28 U.S.C. section 1337.

1 |

3. Venue is proper in this district pursuant to 28 U.S.C. section 1391(b).

## PARTIES

4. WAYNE H. NORMAN, (hereinafter, "Plaintiff"), is an individual who was at all relevant times residing in the county of Cook County, Illinois.

5. ALLIANCE ONE RECEIVABLES MANAGEMENT, INC., (hereinafter, "AOI") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is located at, 7311 Quality Cir. Anderson, IN 46013, whose primary business is debt collection from consumers.

## ALLEGATIONS OF FACT

6. Plaintiff has received numerous phone calls from Defendant to his cellular telephone (682) 241-86XX, seeking to collect an alleged debt owed by someone else.

7. Plaintiff has documented at least 10 phone calls from (877) 584-7541, (877) 607-8870, (800) 858-5781, (877) 354-9286, (866) 205-6138, (866) 528-0700, and (800) 413-5541, by the Defendant throughout the month of October, 2013.

8. Plaintiff is not in privy with Defendant, and does not owe Defendant any money.

9. Plaintiff has never provided his phone number to Defendant or given his express consent to be called, whether on his own or on behalf of any third party.

10. Upon information and belief, the calls Plaintiff received were made using equipment that had the 'capacity' to store or dial telephone numbers without human intervention, or using a random or sequential number generator, and to dial such numbers.

11. Upon information and belief, Defendant's calls utilized a predictive dialer, in which a machine places calls, and when a consumer answers the phone there is a noticeable pause prior to being connected to a live representative of Defendant.

12. This technology, upon information and belief, dials several numbers simultaneously and connects the call only to those who answer first.

13. The most egregious types of these calls are placed to those consumers who in fact have no debt whatsoever owed to Defendant.

14. The first such call occurred on or about October 18th, 2013. Plaintiff was unfamiliar with the number and didn't answer the call.

15. The Defendant called twice on 10/21/2013, four more on 10/24/2013, and three more times on 10/30/2013, thus far.

16. The Defendant advertises using an ATDS to collect debts from consumers on its website, and has filed with the Public Utilities of Texas Commission to use an Automatic Dial Announcing Device equipment, or ADAD.

17. Plaintiff never consented to, requested, or otherwise desired or permitted, calls from Defendant using an ATDS for the purpose of debt collection or any other purpose.

## COUNT I
## VIOLATION OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Without prior consent, the Defendant contacted the Plaintiff ten (10) times by means of automatic telephone calls or, prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. section 227(b)(A)(iii).

20. The phone call was made to Plaintiff without the number being provided to Defendant or any other entity in connection with any debt, and without the consent of Plaintiff.

21. Defendant utilized a predicative dialer to place numerous phone calls to Plaintiff and without human intervention. Defendant's equipment qualifies as a predictive dialer because it is equipment, combining software and hardware aspects, that has the capacity to store or produce numbers and dial

4 |

those numbers at random, in sequential order, or from a database of numbers.

22. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages in the form of continued unsolicited calls on her cellular phone, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of such Act.

23. Should the Court determine that Defendant's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff.

## PRAYER OF RELIEF

**WHEREFORE,** Plaintiff, Wayne Norman, prays the following relief:

a) Statutory damages pursuant to 47 U.S.C. section 227(b)(3)(B) & (C);

Respectfully submitted,

Wayne H. Norman
509 Elgin Apt. 1
Forest Park, Illinois 60130
whnorman@hotmail.com

5 |