IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

WAYNE H. NORMAN,

Plaintiff,

v.  Civil Action No: 1:14-CV-05930

ALLIANCE ONE

RECEIVABLES MANAGEMENT, INC.,  **JURY DEMAND**

Defendant.

**PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME OR OTHERWISE PLEAD TO PLAINTIFF'S COMPLAINT**

COMES NOW Plaintiff, WAYNE H. NORMAN, by and through himself, submits his Response and Objection to the Defendant's Motion for Extension of Time to Answer or Otherwise Plead to Plaintiff's Complaint.

**STATEMENT OF FACTS**

1. Plaintiff contacted the Defendant in an attempt to mitigate all claims in the above-styled Complaint on November 6th, 2013.

2. Plaintiff's mitigation attempts were forwarded to Defendant's in-house counsel Kevin Underwood and K.C. Hawthorne in December of 2013.

3. Plaintiff was unable to reach a resolution with the Defendant, and mitigation efforts ended on or about February of 2014.

4. At that time, Plaintiff informed Defendant's in-house counsel that he would seek remedy with the Court, and file the above-styled Complaint.

5. In an attempt to persuade Plaintiff from filing the above-styled Complaint, the Defendant's in-house counsel warned Plaintiff that if he filed the lawsuit, they would seek sanctions for filing a baseless claim.

6. However, unbeknownst to Plaintiff at the time, the Defendant was involved in a class-action Multi-District Litigation (MDL) here in the Northern District of Illinois (1:12-cv-10064) alleging that the Defendant was "contacting consumers on their cellular telephones via an "automatic telephone dialing system" and/or by using an artificial or prerecorded voice message without their prior express consent within the meaning of the Telephone Consumer Protection Act, ("TCPA") 47 U.S.C. 227".

7. On August 4th, 2014, Plaintiff filed a one-count Complaint against AllianceOne alleging violations of the Telephone Consumer Protection Act, ("TCPA") 47 U.S.C. 227 et seq.

8. Defendant was served with a summons and the Complaint on August 6th, 2014, and its responsive pleading is due to be filed on August 27, 2014.

9. Defendant filed three separate notifications of appearance by counsel on August 20th, 2014.

10. Defendant has approximately three (3) attorneys defending said claims against Plaintiff.

11. Defendant request that its responsive pleading deadline be extended by 28 days to September 24th, 2014. However, the only reason the Defendant gives for such extension is "AllianceOne only recently retained the undersigned counsel…" yet the Defendant does not provide to the Court the actual date they were retained, nor does the Defendant suggest that any of the three (3) attorneys are 'busy' with other obligations.

## **ARGUMENT**

F.R.Civ P. 12(a)(1)(A)(i) requires a response within 21 days after service of summons and complaint. In this case, the response is due on August 27, 2014. After that, Defendant could and can be held in default. *See* F.R. Civ. P. 55(a).

The Answer allows Plaintiff to know which facts are in dispute, and potentially allows the Court to know what issues are disputed.

Defendant's counsel has stated that they were recently retained, but fails to provide the date they were retained. Furthermore, Defendant was given notice to the possibility that Plaintiff would file the above-styled Complaint after mitigation

discussions failed in February of 2014. Accordingly, such undue and inexcusable delay in answering Plaintiff's contentions after having knowledge of them since November of 2013 is severely prejudicing Plaintiff's ability to know what facts are in dispute.

Lastly, and more importantly, AllianceOne is currently a *Defendant* involved in a (MDL) TCPA action pending here in the Northern District of Illinois (1:12-10064) to wit the Defendant has agreed to settle a class action claim in the amount of 1.4 million dollars towards damages to 'all consumers effected between January 2008 to June 2014' for violating the TCPA by "contacting consumers on their cellular telephones via an automatic telephone dialing system and/or by using an artificial or prerecorded voice message without their prior express consent. Accordingly, in the above-styled Complaint, Plaintiff specifically alleges receiving such calls from the Defendant during the month of October 2013.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to deny Defendant's Motion in its entirety, and grant Plaintiff any and all relief deemed just and proper.

Respectfully submitted,

Wayne H. Norman

By:/s/<u>Wayne H. Norman</u>

509 Elgin Apt. 1

Forest Park, Il 60130

whnorman@hotmail.com

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that on August 20, 2014, he electronically filed the foregoing PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME OR OTHERWISE PLEAD TO PLAINTIFF'S COMPLAINT with the Clerk of Court using the CM/ECF system on the individuals listed below:

## ATTORNEYS FOR DEFENDANT

Anna-Katrina S. Christakis

Angad S. Nagra

Jeffery D. Pilgrim

53 West Jackson Boulevard, Ste 1515

Chicago, Illinois 60604