## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

WAYNE H. NORMAN,

Plaintiff,


vs.

Civil Action No:1:14-CV-05930

ALLIANCEONE RECEIVABLES        **JURY DEMAND**

MANAGEMENT, INC.,

Defendant.


### PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW


Plaintiff Wayne H. Norman respectfully submits this sur-reply in opposition to Defendants motion for summary judgment.

### INTRODUCTION

Since Plaintiff filed its memorandum in opposition to Defendants motion for summary judgment, Defendant has desperately attempted to remedy the glaring defects in their argument through their reply brief. Additionally, the Defendant has

submitted *additional* evidence in the form of a "Second Declaration of John Tutewohl" that now claims that the calls made to Plaintiffs cell phone number without his consent were allegedly "unanswered" and/or went to Plaintiffs voicemail box, and were "recorded" and said recordings were turned over to this Court on March 2nd, 2015.

In granting summary judgment, a "court may consider any material that would be admissible or usable at trial, including *properly authenticated* and admissible documents or exhibits." *Woods v. City of Chicago,* 234 F.3d 979, 988 (7th Cir. 2000) (quoting *Aguilera v. Cook County Police Corrs. Merit Bd.,* 760 F.2d 844, 849 (7th Cir. 1985) and citing *Martz v. Union Labor Life Ins. Co.,* 757 F.2d 135, 138 (7th Cir. 1985)). Audio tape recordings are generally admissible as evidence whether in original or duplicate form. *See United States v. Carrasco,* 887 F.2d 794, 802 (7th Cir. 1989). However, a duplicate may be inadmissible if "a genuine question is raised as to the authenticity of the original. . . ." FED.R.EVID. 1003(1).

In determining authenticity courts follow FED.R.EVID. 901(a), which requires "evidence sufficient to support a finding that the matter in question is what its proponent claims." *United States v. Boyd,* 208 F.3d 638, 644 (7th Cir. 2000). Beyond these basic parameters, courts have eschewed any formalistic approach to the admission of tape recordings or copies thereof. *Stringel v. Methodist Hosp. of Indiana, Inc.,* 89 F.3d 415, 420 (7th Cir. 1996).

## ARGUMENT

**I.     Defendant's purported recordings do not satisfy Fed. Rules of Civ. Procedure Rule 901 (Authenticating or Identifying Evidence)**

Rule 901 requires a party seeking to admit an item into evidence to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). For tape recordings, a party must "offer[] **clear and convincing** evidence that the proffered tape is a true, accurate, and authentic recording of the **conversation between the parties**." *United States v. Emerson*, 501 F.3d 804, 813 (7th Cir. 2007).

In the instant case, the Defendant *claims* that the recordings are of Plaintiffs cellular phone voicemail greeting message.  In his Declaration, (Mr. Tutewohl) attempts to identify the authenticity of the recordings made, however, Mr. Tutewohl's attempt falls short of the authentication requirements of the rule.  Mr. Tutewohl fails to offer this court clear and convincing evidence that the duplicate recordings are a conversation between the parties.

For example, the first recording (D0002-10-18-131224.wav) proffered by the Defendant is 6 seconds long and has an 'automated' voice calling out

'numbers'. Plaintiff contends that said recording is not clear and convincing evidence of a conversation between the parties. It could very well be the automated voicemail greeting message of over 100 numbers that have a 682-241-86 number identifier.

(http://www.youmail.com/directory/area/682/241?pg=87)

The second recording, (D0003-10-21-1315.wav) is only 3 seconds long and has an automated voice saying, "Please leave your message for six". No clear and convincing evidence of a conversation between the parties. It could very well be the automated voicemail greeting message of over 1,000,000 numbers that have a "6" as a beginning number identifier. The other recordings are just as incomplete, and confusing, and should not be admitted as evidence. Plaintiff agrees that each of the six respective "incomplete" automated recordings *could be* from **"a voicemail greeting message"**; however Plaintiff affirmatively contends that the purported recordings are not from *his* "**voicemail greeting message**" because (1) he has always used a personal greeting on his cell phone; (2) he answered five calls from the Defendant that resulted in dropped calls, and dead-air hang ups. (See Declaration of Wayne H. Norman, Docket Exhibit F)

It is important to note that *at no time* did the automated voice message greeting affirmatively state Plaintiffs entire telephone number. Therefore, the Defendant has not proffered *clear and convincing* evidence that is sufficient to support a finding that the item is what the proponent claims it is, and thus such evidence does not satisfy Fed. R. Evid. 901 and should not be considered and/ or stricken.

<u>**CONCLUSION**</u>

Despite providing a second declaration, the Defendant have failed to satisfy the requirements pursuant to Rule 901by not offering this court clear and convincing evidence that the duplicate tape recordings are true, accurate, and authentic recordings of a conversation between the parties.  Plaintiff respectfully requests that the Court deny the Defendants motion for summary judgment.

Respectfully submitted,

/s/<u>Wayne H. Norman</u>

509 Elgin Apt. 1

Forest Park, IL. 60130

whnorman@hotmail.com

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was filed with the Court via ECF, and proper notice was sent to the Defendant's attorney via ECF and USPS priority mail on March 4th, 2015.

Scott G. Weber,

Anna-Katrina S. Christakis

Pilgrim Christakis LLP

53 West Jackson Blvd, Ste 1515

Chicago, Illinois 60604

**ATTORNEYS FOR THE DEFENDANT**

/s/Wayne Norman