**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted December 22, 2015[*]
Decided December 22, 2015



**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

| | |
|---|---|
| No. 15-1780 | |
| WAYNE NORMAN,<br>　　*Plaintiff-Appellant*,<br><br>　　*v.*<br><br>ALLIANCEONE RECEIVABLES<br>MANAGEMENT, INC.,<br>　　*Defendant-Appellee*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 14 C 5930<br><br>Edmond E. Chang,<br>*Judge*. |

### O R D E R

　　Wayne Norman appeals from the grant of summary judgment against him in this suit under the Telephone Consumer Protection Act, *see* 47 U.S.C. § 227(b)(1)(A)(iii). He contends that AllianceOne used an autodialer to make seven unsolicited calls to his cell phone. Autodialers use computer software to dial a phone number automatically and then, once a call is answered, the software connects the call recipient to a live

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

No. 15-1780                                                                                                   Page 2

representative. The Act forbids this. *See Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 745 (2012). The district court granted summary judgment after AllianceOne produced evidence showing that its calls to Norman were dialed manually, which the Act permits. Because that evidence is undisputed, we affirm.

We construe the record evidence in favor of Norman, the non-movant, and begin with his evidence. Norman cites to AllianceOne's website, which advertises that its capabilities "include" autodialers. He also swears in a declaration that when he answered calls from AllianceOne, he heard a "pause," "clicking," and "dead air." He referred the court to a guide from the Federal Communication Commission, which explains that autodialers "often" result in "hang ups" and "dead air."

AllianceOne submitted a declaration from the company's Vice President of Business Analytics and a log of the calls to Norman's phone to show that he was not autodialed. The log listed a code (the word "MAN") next to Norman's cell phone number. The Vice President explained that the code means that calls to Norman were dialed manually. He explained that the system that AllianceOne uses to call manually cell phones like Norman's lacks the capacity to make automated calls; it requires a live representative to enter all phone numbers by hand. The Vice President also reviewed the company's recordings of the calls to Norman's phone. Five of the calls to Norman went to his voicemail and a sixth call was unanswered because the connection was lost. The company had no record of a seventh call.

The district court granted summary judgment for AllianceOne. First it considered and rejected Norman's objection to the Vice President's declaration. Norman had argued that because the executive did not place the calls to Norman himself, he lacked personal knowledge of those calls. But the call records and the Vice President's declaration, the court explained, were admissible evidence because the Vice President was the "custodian of the records" and "familiar with the company's recordkeeping practices." Therefore, even if the Vice President did not make the calls to Norman's cell phone personally, he could swear to the company's business records and practices. By contrast Norman's evidence, the court continued, was insufficient to create a fact dispute. AllianceOne's website did not describe the practice for the calls to Norman. And, the court also ruled, the FCC's guide was inadmissible hearsay; furthermore, even if admissible, it did not refute AllianceOne's evidence that no call to Norman was autodialed.

On appeal Norman disputes the district court's grant of summary judgment. We review a district court's grant of summary judgment de novo. *See Burton v. Downey*, 805

No. 15-1780 Page 3

F.3d 776, 783 (7th Cir. 2015). But we review its rulings on the admissibility of evidence for abuse of discretion. *See Makowski v. SmithAmundsen LLC*, 662 F.3d 818, 822 (7th Cir. 2011); *Schindler v. Seiler*, 474 F.3d 1008, 1010 (7th Cir. 2007). Norman argues that, in accepting the Vice President's declaration and the call log over his own declaration about clicks and pauses and the FCC guide, the district court weighed evidence and did not view it in the light most favorable to him.

The district court's evidentiary rulings were permissible. First, the executive's declaration and the call logs were admissible. Business records, such as AllianceOne's call logs, are admissible when authenticated by a custodian. *See* FED. R. EVID. 803(6); *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000). The Vice President was the custodian because he was familiar with the company's record keeping practices, and he did not need to have personally made the calls to Norman to testify about the meaning of the records. *See Cocroft v. HSBC Bank USA, N.A.*, 796 F.3d 680, 686 (7th Cir. 2015); *Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 775–77 (7th Cir. 2006). Second, the court did not abuse its discretion in excluding as hearsay the excerpt from the FCC guide about dead air. That excerpt does not fit into any of the relevant hearsay exceptions for public records: the excerpt does not describe the FCC's activities, a matter that it observed, or its factual findings of an investigation. *See* FED. R. EVID. 803(8)(A). But even if an exception applied, the evidence was insufficient to create a fact dispute. The guide said only that autodialers often produce dead air; it did *not* say the converse—that dead air means that a call was autodialed. Calls are dropped or paused for many reasons; the FCC guide could therefore not tell a rational factfinder why Norman experienced dead air or a pause on his calls. Finally, no genuine fact dispute came from AllianceOne's website. It said only that the company's capabilities include autodialers, but not that it used that capability always or even often, let alone in cases like Norman's.

With the call log showing that AllianceOne manually called Norman, and no contrary evidence about those calls in the record, the district court correctly granted summary judgment. No reasonable jury could conclude from this evidence that an autodialer called Norman. *See Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 685 (7th Cir. 2013) (no material dispute requiring trial in TCPA suit when corporate representative explained in detail how records were compiled and plaintiff failed to demonstrate that any of the records were inaccurate). Accordingly the judgment is AFFIRMED.